UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-880-JD-MGG

SIMIC, et al.,

    Defendants.

## OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint against three defendants: Mail Room Clerk Simic, Mail Room Clerk P. Everly, and Caseworker Kennerk. ECF 2. The court screened the complaint pursuant to 28 U.S.C. § 1915A and granted him leave to proceed against Mail Room Clerk Simic and Mail Room Clerk P. Everly for withholding paperback books that did not violate prison policy in November 2021, and January 2022, in violation of the First Amendment. He was denied leave to proceed on several other claims. Scruggs has filed a motion for reconsideration asking the court to consider permitting him to proceed on mail interference claims against each of the defendants.

Scruggs represents that the prison's policy permits him to have hardback books that are ordered in error sent home, if he pays the postage. Simic and Everly provided Scruggs with a form to use to request that the hardback book be sent home. Scruggs filled it out and had it in his room for about a week. His caseworker at the time, Caseworker Kennerk, did not like coming to see Scruggs. When Caseworker Kennerk

arrived, she insisted that her only obligation was to do Scruggs' thirty-day reviews and that she does not need to come see if he has legal mail every day. She begrudgingly took the form, entered the officers' control room, and threw it in the trash. Scruggs alleged that Kennerk's actions violated the prison's policy, his due process right to send books home, his right to access print media even if only once he is released, and his equal protection rights. The court analyzed each of those claims and found that Scruggs did not state a claim. Scruggs also alleged that Kennerk's actions blocked him from sending his book home by U.S. Mail. ECF 2 at 6. The court did not evaluate these allegations as a denial of access to outgoing mail claim.

"The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Id.* "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be reasonably related to legitimate penological interests." *Id.* "However, merely alleging an isolated delay or some other relatively short-term, non-content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." *Id.* Scruggs has identified only an isolated, non-content-based incident of mail interference by Kennerk. Kennerk's behavior did not involve legal mail, and it did not implicate Scruggs' right to access to

2

the courts, for the reasons explained in this court's screening order. This isolated occurrence, while unprofessional, is insufficient to state a claim.

Scruggs's complaint also alleges that the mail room has implemented a policy of destroying the receipts or packing slips that arrive with print media because of the possibility they could contain drugs. The facility does not make a copy of the receipts for Scruggs, as they do with other incoming mail. Scruggs argued that the practice has blocked his access to the courts, and the court found that argument unpersuasive. Scruggs also argued that the destruction of the packing slip or receipt was withholding or destroying his incoming mail. Because Scruggs has described an ongoing practice that does not have a readily apparent justification, the court will permit him to proceed on this claim.

Scruggs also filed a motion to clarify whether his pending motion for reconsideration stayed the time allowed to complete service of process on the defendants. ECF 11. This motion will be granted to the extent that the court will extend the deadline to accommodate Scruggs.

For these reasons, the court:

(1) GRANTS IN PART and DENIES IN PART Christopher L. Scruggs motion for reconsideration (ECF 10);

(2) AMENDS the court's screening order (ECF 5) to GRANT Christopher L. Scruggs leave to proceed against Mail Room Clerk Simic and Mail Room Clerk P. Everly in their individual capacities for compensatory and punitive damages for

interfering with his incoming mail by withholding receipts or packing slips sent with print media (or copies of these documents), in violation of the First Amendment;

(3) AMENDS the court's screening order (ECF 5) to GRANT Christopher L. Scruggs leave to proceed against Mail Room Clerk Simic and Mail Room Clerk P. Everly in their official capacities for injunctive relief to receive receipts or packing slips sent with print media (or copies of these document), in violation of the First Amendment;

(4) GRANTS Scruggs' motion to clarify (ECF 11) to the extent that it EXTENDS the time for service until **December 1, 2023**, pursuant to Federal Rule of Civil Procedure 4(m).

SO ORDERED on August 22, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT