UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-880-SJF |
| SIMIC, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a motion asking to vacate his consent to magistrate jurisdiction. ECF 140. In this case, Scruggs proceeded against Mailroom Clerks Everly and Simic on First Amendment claims in connection with the delivery of books. ECF 14. On April 4, 2025, the defendants moved for summary judgment on each of these claims. ECF 100. On September 10, 2025, United States Magistrate Judge Scott J. Frankel entered an order granting the motion for summary judgment on all claims. ECF 135. On October 14, 2025, Scruggs filed two substantially identical motions seeking reconsideration of the summary judgment order at the same time he filed this motion to vacate consent for the purpose of obtaining a ruling on the motions to reconsider by a district judge. ECF 139, ECF 141.

According to the operative statute, "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under [the subsection allowing magistrate judges to preside over civil matters with party consent]." 28 U.S.C. §

636(c)(4). Similarly, the Federal Rules of Civil Procedure provide, "On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule [allowing magistrate judges to preside over civil matters with party consent] ." Fed. R. Civ. 73(b)(1).

To start, the court has determined that a motion like this one is more appropriately resolved by a district judge. The Seventh Circuit has noted some uncertainty in whether magistrate judges may appropriately rule on motions to vacate a a magistrate referral, *Brown v. Peters*, 940 F.3d 932, 936 (7th Cir. 2019), and this court is persuaded by the express reference to "the district judge" in Rule 73(b)(1) of the Federal Rules of Civil Procedure and the relevant holdings of other federal circuits. *See e.g.*, *Branch v. Umphenour*, 936 F.3d 994, 1002 (9th Cir. 2019) (holding that only the district judge may vacate a reference to a magistrate judge); *Milhous v. Metro Govt.*, 221 F.3d 1335 (6th Cir. 2000) (same); *Dowell v. Blackburn*, 932 F.2d 963 (4th Cir. 1991) (same).

In this motion, Scruggs argues that the court should vacate his consent to magistrate jurisdiction because the summary judgment order "will have a longstanding pre-established summary judgment standards and other established Seventh Circuit case law precedent." ECF 140 at 2. He also relies on a legal treatise for the proposition that the power to vacate magistrate jurisdiction "should be exercised only where it is appropriate to have the trial before an article III judicial officer because of the extraordinary questions of law at issue and judicial decision making is likely to have wide precedential importance." 12 Charles Allen Wright, et al, FEDERAL PRACTICE AND PROCEDURE § 3071.3 (3d ed.).

Notably, review of Scruggs' arguments in their entirety reveal that he is merely displeased with Judge Frankel's rulings against him in the summary judgment order. While Scruggs more specifically asserts that Judge Frankel has not properly applied procedural rules or legal precedent, these are precisely the type of arguments one would expect a party to assert when challenging an unfavorable ruling. What constitutes extraordinary circumstances for purposes of vacating magistrate consent is not well-defined, but, given that court's must necessarily pick winners and losers, the court cannot find that a party's disappointment with an adverse ruling amounts to an extraordinary circumstances. *See Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d 1335 (6th Cir. 2000) (displeasure with adverse ruling does not amount to an extraordinary circumstance); *Kitterman v. Kelly*, 2020 WL 13819900, at *2 (S.D. Ill. Dec. 11, 2020) (same); *Cottingham v. Eplett*, 2020 WL 533945, at *6 (E.D. Wis. Feb. 3, 2020) (same). The same would be true even if Scruggs has asserted a meritorious argument for reconsideration. Though the federal judiciary strives to avoid mistakes, they are not extraordinary occurrences. The court also does not perceive that this case involves extraordinary questions of law that would have wide precedential importance. Therefore, the motion to vacate is denied, and Judge Frankel will remain the presiding judge in this case.

For these reasons, the court DENIES the motion to vacate consent to magistrate jurisdiction (ECF 140).

SO ORDERED on October 17, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT