UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-880-SJF

SIMIC, et al.,

    Defendants.

## OPINION AND ORDER

    Christopher L. Scruggs, a prisoner without a lawyer, filed a motion asking to vacate the referral of this case to a magistrate judge. ECF 165. According to the operative statute, "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under [the subsection allowing magistrate judges to preside over civil matters with party consent]." 28 U.S.C. § 636(c)(4). Similarly, the Federal Rules of Civil Procedure provide, "On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule [allowing magistrate judges to preside over civil matters with party consent]." Fed. R. Civ. 73(b)(1). And, for the reasons set forth in a prior order (ECF 142), the court has determined that a motion like this one is more appropriately resolved by a district judge.

    In this case, Scruggs proceeded against Mailroom Clerks Everly and Simic on First Amendment claims in connection with the delivery of books, and the parties

consented to magistrate jurisdiction. ECF 14, ECF 44. On April 4, 2025, the defendants moved for summary judgment on each of these claims. ECF 100. On September 10, 2025, United States Magistrate Judge Scott J. Frankel entered an order granting the motion for summary judgment on all claims. ECF 135. On October 14, 2025, Scruggs filed two substantially identical motions seeking reconsideration of the summary judgment order at the same time he filed this motion to vacate magistrate jurisdiction for the purpose of obtaining a ruling on the motions to reconsider by a district judge. ECF 139, ECF 141. The undersigned district judge denied the motion to vacate magistrate jurisdiction because the summary judgment order presented no extraordinary circumstance, and Judge Frankel denied the motions to reconsider the summary judgment order. ECF 142, ECF 143.

On November 20, 2025, Scruggs filed a notice of appeal. ECF 145. On December 2, 2025, he filed a motion to compel correctional officials to pay the appellate filing from his reentry account. ECF 153. On December 15, 2025, he filed a motion to extend the deadline to file the appellate filing fee. ECF 159. On December 17, 2025, Judge Frankel denied these motions, finding that he lacked the authority to grant them. ECF 160. On the same day, the Seventh Circuit reviewed Scruggs' motion to extend and extended the deadline to pay the appellate filing fee to January 21, 2026.

On December 24, 2025, Scruggs filed a second motion to vacate magistrate jurisdiction, asserting that Judge Frankel unduly delayed a ruling on the motion to compel payment of the filing fee and the motion to extend the appellate filing fee deadline in light of his pending deadline to pay the appellate filing fee. ECF 161. He

sought a ruling of these motions by a district judge. *Id.* On December 31, 2025, the court denied the second motion to vacate magistrate jurisdiction because Judge Frankel had already ruled on the appeal-related motions. ECF 162. The court further found that Judge Frankel did not unreasonably delay a ruling on these motions and that a looming deadline did not present an extraordinary circumstance, particularly when a motion to extend would suffice to remedy it. *Id.*

On January 5, 2026, Scruggs filed a motion to reconsider the order denying the motion to compel correctional officials to pay the appellate filing from his reentry account. ECF 163. On January 6, 2026, Judge Frankel denied this motion to reconsider. ECF 164.

On January 7, 2026, Scruggs filed the instant motion to vacate magistrate jurisdiction, seeking a ruling by a district judge on the motion to reconsider the order denying the motion to compel correctional officials to pay the appellate filing from his reentry account. ECF 165. He argues that "it does not seem fair to have the Magistrate Judge rule on whether he allows me to appeal his order granting the defendants' motion for summary judgment simply by refusing to order the payment of owed money as the Judge already has." *Id.* at 2.

To start, Judge Frankel has already issued a ruling on the motion to reconsider the order denying the motion to compel correctional officials to pay the appellate filing from his reentry account. Further, the court has already informed Scruggs that a party's disappointment with an adverse ruling does not amount to an extraordinary circumstance. Moreover, presiding judges, like Judge Frankel in this case, routinely

3

enter orders that affect a party's ability to appeal the presiding judge's decision. *See e.g.,* Fed. R. App. P. 4(a) (allowing district courts to extend or reopen the time to appeal); Fed. R. App. P. 24(a)(1) ("a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court."); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Because this motion is moot and given the lack of extraordinary circumstances, the court denies the motion to vacate magistrate jurisdiction.

As a final matter, the court observes that Scruggs has now filed three meritless motions to vacate magistrate jurisdiction over a span of three months. Given Scruggs' extensive litigation history, he could not have reasonably believed that a looming deadline, a minimal delay in issuing rulings, or adverse rulings amounted to extraordinary circumstances. Nor could he have reasonably believed that a presiding judge's ruling on appeal-related motions amounted to an extraordinary circumstance. In the unlikely event that he did not understand the frivolous nature of these motions when he filed them, he will certainly know after reviewing this order. Consequently, the court cautions Scruggs against filing in this court any additional frivolous motions seeking to vacate magistrate jurisdiction. If he chooses to continue engaging in this misconduct, he may be subject to sanctions, including fines, dismissal of his cases, and filing restrictions.

For these reasons, the court DENIES the motion to vacate magistrate jurisdiction (ECF 165).

SO ORDERED on January 9, 2026

        /s/JON E. DEGUILIO
        JUDGE
        UNITED STATES DISTRICT COURT